**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Slick Slide LLC, | No. CV-24-01925-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Jokawiem Manufacturing LLC, | |
| Defendant. | |

Before the Court is Defendant Jokawiem Manufacturing LLC's Motion to Transfer Venue, or in the Alternative, to Stay (Doc. 18), Plaintiff Slick Slide LLC's Response (Doc. 24), and Defendant's Reply (Doc. 28). Also before the Court is Defendant's Motion to Dismiss (Doc. 19), which the parties have fully briefed (Docs. 25, 29). The Court now rules as follows.[1]

**I.  BACKGROUND**

This case arises out of alleged misappropriation of Plaintiff Slick Slide LLC's design information and artwork of its customized recreational slides. (Doc. 11 at 3). Plaintiff designs recreational slides for water parks, amusement parks, and other customers throughout the United States. (*Id.*). Plaintiff has registered copyrights in its various designs and artwork. (*Id.* at 3–4). Defendant Jokawiem Manufacturing LLC ("Defendant

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Jokawiem") is a manufacturer and seller of recreational slides and previously worked with Plaintiff to manufacture and supply slides utilizing Plaintiff's designs. (*Id.* at 4). Plaintiff provided Defendant with the copyrighted design information and artwork through this engagement with the understanding that Defendant would keep the information confidential and only use the designs for the manufacture of slides on behalf of Plaintiff. (*Id.* at 4–5).

After the termination of the parties' business relationship, Plaintiff alleges that Defendant has reproduced, distributed, and displayed Plaintiff's copyright-protected design information and artwork. (*Id.* at 5). Plaintiff specifically alleges that one of Defendant and one of its employees, Mr. Wan Yuen Tung, have used Plaintiff's designs to engage in dry slide manufacturing or fabrication and assist third parties with the design, manufacturing, and sale of recreational slides. (Doc. 11 at 6).

On August 2, 2024, Plaintiff filed its suit. (Doc. 1). On October 7, 2024, Plaintiff filed the operative Amended Complaint, alleging claims of copyright infringement, inducement of copyright infringement, violation of the federal Defend Trade Secrets Act, violation of Arizona's Uniform Trade Secrets Act, conversion, civil conspiracy, and unjust enrichment. (Doc. 11 at 1). On November 25, 2024, Defendant filed its Motion to Change Transfer Venue and Motion to Dismiss. (Docs. 18, 19).

## II. LEGAL STANDARD

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This is known as the "first-to-file" rule. "The first-to-file rule may be applied when a complaint involving the same parties and issues has already been filed in another district." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (internal quotation marks omitted). Courts therefore analyze three factors when determining whether to apply the first-to-file rule: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues. *Id.*

"The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* at 1239 (internal quotation marks omitted). If a court determines the first-to-file rule does apply, it may transfer, stay, or dismiss the action. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

## III. DISCUSSION

Defendant faces a pending lawsuit in the United States Court for the Middle District of Tennessee (the "Tennessee case"). (Doc. 18 at 1); *see Family of Eight v. JRP Solutions, LLC et al.*, Case No. 3:24-cv-00519 (M.D. Tenn.) (filed April 26, 2024). Defendant seeks to transfer the present action before this Court to the Middle District of Tennessee pursuant to the first-to-file rule. (Doc. 18 at 5).

The first factor is obviously satisfied: the Tennessee case was filed on April 26, 2024, and the present case was filed on August 2, 2024. (Doc. 1). To the extent Plaintiff argues that the party invoking the rule must have filed the first case, the Court is unconvinced. (Doc. 24 at 6–7). This Court is unaware of, and Plaintiff does not assert, any binding authority that holds as such.

As to the second factor—similarity of the parties—exact identity of the parties is not required. *Kohn*, 787 F.3d at 1240. "Rather, the first-to-file rule requires only substantial similarity of parties." *Id.* Defendant Jokawiem is a defendant in both cases. Although the Tennessee case has additional Defendants, courts have routinely allowed transfer under the first to file rule where the first-filed case has additional defendants. *Id.* ("A contrary holding could allow a party . . . to skirt the first-to-file rule merely by omitting one party from a second lawsuit."). Moreover, the additional defendants in the Tennessee case are Defendant Jokawiem's parent company and the members, owners, and founders of Defendant, an LLC entity, which further weighs in favor of finding substantial similarity. (Doc 18-2 at 6). Plaintiff Slick Slide is not a party in the Tennessee suit. However, the Court finds that the parties are still substantially similar enough to warrant transfer. Defendant alleges that the plaintiff in the Tennessee case owns 27 percent of Slick Slide. (Doc. 28 at 3). Additionally, the Court finds the plaintiff in the Tennessee case is similarly

3

positioned as the Plaintiff in this case with respect to the issues at hand, as further discussed below: both plaintiffs allege that and seek to determine whether Defendant misappropriated Slick Slide's confidential design information. The plaintiffs have employed the same counsel in both cases, as well. *Family of Eight v. JRP Solutions, LLC et al.*, Case No. 3:24-cv-00519 (M.D. Tenn.) (filed April 26, 2024); (Doc. 18-2 at 12). As such, the Court finds the second factor is satisfied.

The third factor—substantial similarity of issues—requires the Court to consider whether there is "substantial overlap" between the two suits. *Kohn*, 787 F.3d at 1241. Plaintiff argues that transfer is not warranted because the claims and the operative facts in the two actions are different. (Doc. 24 at 8). The cases do involve different causes of action: the Tennessee case considers a breach of contract claim, while the present case involves claims for copyright infringement, violations of state and federal trade secret laws, conversion, civil conspiracy, and unjust enrichment. (Docs. 18 at 2; 11 at 1.). Plaintiff asserts that the confidential information at issue in the Tennessee case is much broader than the trade secrets at issue in the present case. (Doc. 24 at 10). But this Court is unconvinced that "[t]here is absolutely no overlap in the claims being asserted in the two actions." (*Id.* at 8).

Instead, a review of both complaints reveals substantial overlap between the allegations and operative facts. In the Tennessee case, the plaintiff, a Tennessee corporation, entered into a Stock Purchase Agreement ("SPA") with Defendant Jokawiem's parent company to purchase stock of Slick City LLC and Plaintiff Slick Slide LLC. (Doc. 18-2 at 4). The SPA included a non-compete provision and a confidentiality provision, which required the stock sellers to destroy confidential information belonging to Slick Slide LLC, including "molds, schematics, designs, proprietary technology, intellectual property, trademarks, symbols, strategies, business plans, and financial statements." (*Id.* at 5). The Tennessee case complaint alleges that the defendants, including Defendant Jokawiem, did not destroy the confidential information and instead "retained such information in order to assist third parties with the design, manufacturing, offering

4

for sale, and sale, of recreational slides" and "to engage in dry slide manufacturing and/or fabrication, including through their employees and affiliated companies." (*Id.* at 7). Additionally, just like the present case, the Tennessee plaintiff further alleges that Defendant Jokawiem's employee, Mr. Wan Yuen Tung, failed to destroy the aforementioned confidential information and has assisted third parties with the design, manufacturing, and sale of recreational slides and the fabrication and manufacturing of dry slides. (*Id.* at 8–9).

The Court cannot rationally conclude, as Plaintiff requests, that the issues of Defendant's misappropriation of confidential information in the Tennessee case would not substantially overlap with the questions in this case regarding "Defendant's copying and use of engineering drawings and artwork relating to Slick Slide's recreational slide products," "the supplier, and designs, of the mats and coating used by Slick Slide," "Defendant's use of Slick Slide's molds," the economic value of its trade secrets, computer files, and the tower systems for the slides. (Doc. 24 at 9). Both lawsuits will require a court to determine whether Defendant and its alleged agent, Mr. Tung, misappropriated Slick Slide's design, molding, artwork, and engineering or technological information and used that information to design, manufacture, and sell recreational slides or assist third parties in the design, manufacture, and sale of recreational slides. As such, the Court finds that while there are some distinctions in the legal questions in the cases, there is substantial overlap between the factual issues in the cases such that transfer would be "consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity." *Kohn*, 787 F.3d at 1240. The Court finds that Defendant has satisfied the third factor.

To the extent that Plaintiff argues that a transfer would destroy diversity jurisdiction in the Tennessee case, that the deadline for amending claims or adding parties in the Tennessee action expired months ago, and that combining the damages claims and potential remedies of the two cases would increase complexity (Doc. 24 at 11–12), the Court notes that the transfer of a case to a venue with a pending substantially similar case does not

5
Case 3:25-cv-00339   Document 30   Filed 03/25/25   Page 5 of 7 PageID #: 675

necessitate consolidation of the two cases. *See generally Bite Tech, Inc. v. X2 Impact, Inc.*, No. C-12-5888 EMC, 2013 WL 871926, at *6 (N.D. Cal. Mar. 7, 2013) ("Even if the Western District of Washington could or did not consolidate these cases, it would at least have the ability to relate and coordinate the two cases [if the case were transferred], thereby streamlining the litigation."). Moreover, as Defendant correctly notes, the Tennessee court would retain federal question jurisdiction over many of Plaintiff's claims and can justly exercise supplemental jurisdiction over related claims. (Doc. 28 at 6–7); 28 U.S.C. § 1331; 28 U.S.C. § 1367.

## IV. CONCLUSION

All told, considering all the circumstances of this case, and weighing the interests of justice, efficiency, convenience, and the avoidance of inconsistent judgments, in light of the Ninth Circuit's admonition that the first-to-file rule "should not be disregarded lightly," the Court finds that application of the first-to-file rule is appropriate in this case. *Kohn L. Grp., Inc.*, 787 F.3d at 1239; *see Pacesetter Sys., Inc*., 678 F.2d at 95 (holding that a court's discretion in applying the first-to-file rule should be guided by "determinations concerning wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" (internal quotation marks omitted)).

Because the Court applies the first-to-file rule, the final remaining question is whether this case should be stayed, transferred, or dismissed. The Court finds that transfer of this case to the Middle District of Tennessee would best serve the interests of justice and efficiency. Whether to consolidate the cases will, of course, be in that court's sound discretion, but it may be possible to resolve the claims and issues raised through a single proceeding. Accordingly,

**IT IS ORDERED** that Defendant Jokawiem Manufacturing LLC's Motion to Transfer Venue (Doc. 18) is **granted**.

///

///

///

**IT IS FURTHER ORDERED** that this Court will not rule on Defendant's Motion to Dismiss (Doc. 19), and it shall be **administratively terminated** on this Court's docket by the Clerk of Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **transfer** this matter to the United States District Court for the Middle District of Tennessee and **terminate** this case in the District of Arizona.

Dated this 24th day of March, 2025.

Honorable Steven P. Logan
United States District Judge